# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SHARON JOHNSON COLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1464 | **DATE** | March 15, 2013 |
| **CASE TITLE** | John Bradin (#500855) vs. Michael Astrue, et al. | | |

**DOCKET ENTRY TEXT:**

Petitioner's motion for leave to proceed *in forma pauperis* [#3] is denied pursuant to 28 U.S.C. § 1915(g) and the mandamus petition is summarily dismissed with prejudice for failure of the Petitioner to advise the Court that he has "struck out." The case is terminated. Petitioner's motions for attorney assistance [#4], for expedited hearing [#5], for the release of funds so that he can retain counsel [#6], and for post-judgment relief to vacate all state convictions [#7] are denied as moot. Having brought this action, Petitioner nevertheless remains obligated to pay the full filing fee. Before pursuing any future litigation, Petitioner must pay any outstanding fees.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Petitioner, a Missouri state prisoner, has brought filed as *pro se* mandamus petition purportedly pursuant to 28 U.S.C. §§ 1361 and 1651. Petitioner challenges, on double jeopardy grounds, his convictions for sodomy, robbery, and armed criminal action; he additionally contends that the Social Security Administration has wrongfully disqualified him from receiving disability benefits on account of his status as an inmate serving a felony sentence. *See* 20 C.F.R. § 404.468.

Petitioner's motion for leave to proceed *in forma pauperis* is denied, as he has accumulated at least three "strikes" and this case does not involve imminent danger of serious physical injury. The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

At least four of Petitioner's previous federal actions have been dismissed for being frivolous, malicious, or for failing to state a claim upon which relief may be granted. *See, e.g., Bradin v. Astrue*, Case No. 09-0975

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

(W.D. Mo), dismissed by Order of Nov. 19, 2009; *Bradin v. Reno*, Case No. 93 C 0846 (W.D. Mo. Oct. 22, 1993); *Bradin v. Craddock*, Case No. 93 C 6123 (W.D. Mo. Feb. 23, 1994); and *Bradin v. Kempker*, Case No. 02 C 1385 (E.D. Mo. Nov. 26, 2002).

In fact, Petitioner was specifically advised only a few months ago that he had "struck out," that he was therefore ineligible for i.f.p. status in the absence of imminent danger, and that mandamus actions fall under the PLRA umbrella. *See Bradin v. United States of America*, Case No. 12 C 1252 (W.D. Mo.), Order of October 18, 2012; *see also Martin v. United States*, 96 F.3d 853, 854 (7th Cir. 1996) (the PLRA applies to civil mandamus petitions as well as civil rights actions).

Indeed, this case appears to advance the same claims as those raised in Case No. 12 C 1252; it would seem that Petitioner simply re-filed suit in this district after his lawsuit in the judicial district of his confinement was dismissed. Notwithstanding his knowledge that he is barred from doing so, Petitioner has sought leave to proceed *in forma pauperis*, and without disclosing his 1915(g) status to the Court. Consequently, Petitioner's effective "fraud" on the Court must "lead to immediate termination of the suit." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

The Court recognizes that Petitioner states in his letter (document no. 8) that he wishes to proceed "without prepayment of fees," as opposed to proceeding *in forma pauperis*. However, the label Petitioner uses is a distinction without a difference: having struck out, he is required to include the full statutory fee with any and all new civil lawsuits, unless he can show that the case involves imminent danger of serious physical injury. *See, e.g., Campbell v. Clarke*, 481 F.3d 967, 970 (7th Cir. 2007). The Court cannot waive advance payment of the filing fee in the absence of imminent danger.

For the foregoing reasons, the mandamus petition is dismissed with prejudice for perpetration of a fraud on the Court. All pending motions are denied as moot. The Court has no occasion to reach questions concerning venue, joinder, and the availability of post-conviction relief in a civil action.

However, having brought this action, Petitioner remains obligated to pay the full filing fee. *See* 28 U.S.C. §1915(b)(1); *Sloan*, 181 F.3d at 859. Before pursuing any future litigation, Petitioner must pay any outstanding fees. *Id.* If Petitioner should attempt to file any further civil litigation in any federal court without prepaying all required fees, or meeting the imminent-danger standard of § 1915(g), a regulatory injunction may be entered restricting his litigation. *See Campbell*, 481 F.3d at 970 (citations omitted).